UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. **00 - 6137**

CR-

18 U.S.C. 1951(a)
18 U.S.C. 4      CR - DIMITROULEAS
18 U.S.C. 2

MAGISTRATE JUDGE
SNOW

UNITED STATES OF AMERICA.

     Plaintiff.

vs.

ALIPIO HERRERA.
LIDIA HERRERA. and
JESUS VEGA.

     Defendants.

_____/



## INDICTMENT

The Grand Jury charges that:

## COUNT I

From on or about February 28. 2000. through on or about March 6. 2000. in Broward

and Dade Counties. in the Southern District of Florida and elsewhere. the defendants.

ALIPIO HERRERA.
and
JESUS VEGA.

did knowingly and willfully combine. conspire. confederate and agree with each other and with

others unknown to the Grand Jury to commit an offense against the United States. that is. to

knowingly and intentionally obstruct. delay and effect interstate and foreign commerce or the

movement of any article or commodity therein, by robbery and extortion, in violation of Title 18, United States Code, Section 1951(a).

## OVERT ACTS

In order to effect the purpose and object of the conspiracy, the following overt acts, among others, were committed by at least one of the coconspirators named herein, in Broward and Dade Counties, in the Southern District of Florida, and elsewhere:

1. On or about February 29, 2000, ALIPIO HERRERA and Arturo Abascal, Jr. agreed to meet at HERRERA's residence in Coral Gables, Florida.

2. On or about February 29, 2000, ALIPIO HERRERA met with Abascal and told him that there would be another meeting at ALIPIO HERRERA's house later in the week to discuss plans to conduct an armed robbery of a courier. ALIPIO HERRERA stated that guns and "stun guns" would be used to overcome the courier and take a large sum of money.

3. On or about February 29, 2000, ALIPIO HERRERA told Abascal that the courier would make his last pick up at the Pontiac dealership located at Sheridan Street and State Road 441 in Broward County, Florida. ALIPIO HERRERA told Abascal that the courier would then deliver the money to the First Union Bank located at 4600 Sheridan Street, Hollywood, Broward County, Florida. ALIPIO HERRERA informed Abascal that he had received the detailed information necessary to commit the robbery from a source inside the courier service.

4. On or about March 5, 2000, ALIPIO HERRERA, LIDIA HERRERA and Abascal met at the HERRERA's residence in Coral Gables, Florida. ALIPIO HERRERA displayed a firearm and a Taser stun gun to Abascal and told Abascal he had obtained the weapons for use during the planned robbery of the courier. During the course of this meeting LIDIA HERRERA asked

2

questions regarding the Taser stun gun and its effects. ALIPIO HERRERA confirmed that the armed robbery would take place the following Monday. March 6, 2000. ALIPIO HERRERA told Abascal that he wanted Abascal to perform the robbery while ALIPIO HERRERA waited in the getaway vehicle.

5. On or about March 6, 2000, ALIPIO HERRERA picked up Abascal at Abascal's residence in Dade County, Florida, and proceeded to pick up a stun gun, a .380 caliber semi-automatic pistol and handcuffs.

## COUNT II

From on or about February 28, 2000, through on or about March 6, 2000, in Broward and Dade Counties, in the Southern District of Florida and elsewhere, the defendants,

ALIPIO HERRERA,
and
JESUS VEGA,

did knowingly and willfully attempt to commit an offense against the United States, that is, to knowingly and intentionally obstruct, delay and effect interstate and foreign commerce or the movement of any article or commodity therein, by robbery and extortion, in violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT III

From on or about March 5, 2000, through on or about March 6, 2000, in Broward and Dade Counties in the Southern District of Florida and elsewhere, the defendant,

LIDIA HERRERA

did knowingly and willfully, having knowledge of the actual commission of a felony cognizable

3

by a court of the United States, that is the attempt and conspiracy to violate Title 18, United

States Code, Section 1951(a), conceal and did not immediately make the commission of said

felony known to a judge or other person in civil or military authority under the United States, in

violation of Title 18, United States Code, Section 4.

A TRUE BILL

FOREPERSON

THOMAS E. SCOTT
UNITED STATES ATTORNEY

THERESA M..B. VAN VLIET
ASSISTANT UNITED STATES ATTORNEY

4

| UNITED STATES OF AMERICA | CASE NO. |

v.

ALIPIO HERRERA, et al

**CERTIFICATE OF TRIAL ATTORNEY\***
**Superseding Case Information**:

**Court Division**: (Select One)

New Defendant(s)         Yes ___    ___
Number of New Defendants ___
Total number of counts ___

___ Miami  ___ Key West
X__ FTL   ___ WPB ___ FTP

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:        (Yes or No) _No_
    List language and/or dialect _____

4.  This case will take ___3___ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                          (Check only one)

|      |                    |       |         |       |
|------|--------------------|-------|---------|-------|
| I    | 0 to 5 days        | ✓     | Petty   |       |
| II   | 6 to 10 days       |       | Minor   |       |
| III  | 11 to 20 days      |       | Misdem. |       |
| IV   | 21 to 60 days      |       | Felony  | X     |
| V    | 61 days and over   |       |         |       |

6.  Has this case been previously filed in this District Court? (Yes or No) No
    If yes:
    Judge: _____       Case No. _____
    (Attach copy of dispositive order)

Has a complaint been filed in this matter?(Yes or No) _Yes_
If yes:
Magistrate Case No. _00-4060-mGLS_
Related Miscellaneous numbers: _N/A_
Defendant(s) in federal custody as of _/_
Defendant(s) in state custody as of _N/A_
Rule 20 from the _____       District of _____

Is this a potential death penalty case? (Yes or No) _No_

7.  Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___Yes ✓ No   If yes, was it pending in the Central Region? ___ Yes ___ No

THERESA M.B. VAN VLIET
ASSISTANT UNITED STATES ATTORNEY
Court Bar No. 374040

\*Penalty Sheet(s) attached                                    REV.4/7/99

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PENALTY SHEET

Defendant's Name: ALIPIO HERRERA _____ No. _____

Counts #: I & II 18 U.S.C. § 1951(a), Conspiracy to commit armed robbery and extortion

*Max. Penalty:    Twenty (20) years' imprisonment; $250,00 fine _____

Count #: _____

*Max. Penalty: _____

Count #: _____

Max. Penalty: _____

Count#: _____

Max. Penalty: _____

Count#: _____

*Max. Penalty: _____

Count #: _____

*Max. Penalty: _____

Count #: _____

*Max. Penalty: _____

Count #: _____

*Max. Penalty: _____

*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.

REV. 12/12/96

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PENALTY SHEET**

Defendant's Name: <u>LIDIA HERRERA</u>_____ No. _____

Count #: III  18 U.S.C. § 4, Misprision of felony

*Max. Penalty:   Three (3) years' imprisonment; $250, 000 fine

Count #:

*Max. Penalty:

Count #:

Max. Penalty:

Count#:

Max. Penalty:

Count#:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.

REV. 12/12/96

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PENALTY SHEET**

Defendant's Name: JESUS VEGA _____ No. _____

Counts #: I & II 18 U.S.C. § 1951(a), Conspiracy to commit armed robbery and extortion

*Max. Penalty:    Twenty (20) years' imprisonment; $250,000 fine

Count #: _____

*Max. Penalty: _____

Count #: _____

Max. Penalty: _____

Count#: _____

Max. Penalty: _____

Count#: _____

*Max. Penalty: _____

Count #: _____

*Max. Penalty: _____

Count #: _____

*Max. Penalty: _____

Count #: _____

*Max. Penalty: _____

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

REV. 12/12/96