UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6137 CR-DIMITROULEAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| ALIPIO HERRERA | ) |
| LIDIA HERRERA, and | ) |
| JESUS VEGA | ) |
| | ) |
| Defendants | ) |
| | ) |

## GOVERNMENT'S RESPONSE TO
## THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This

response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is

numbered to correspond with Local Rule 88.10.

- A. 1. Audio recordings of statements made by the defendants, before and after the arrest in this case, can be obtained by making arrangements with Special Agent Erik Miller, FBI. Agent Miller cand be reached at (305) 787-6278. These recordings have been previously provided,or made available, to counsel prior to indictment.

  2. See above.

  3. No defendant testified before the Grand Jury.



    4.    The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.

    5.    Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be by contacting Special Agent Miller, at the above referenced telephone number.

    6.    There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

    No controlled substances were involved in this case.

    No fingerprints were lifted in this case.

B.    DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.    The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.    The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

    In this regard, please be advised that the confidential informant in this case, Arturo Abascale, Jr. has entered into a plea agreement with the Government. A copy of that plea agreement is attached. Mr. Abascale has not yet been sentenced.

E.    The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.    No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. No contraband is involved in this indictment.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. Please advise the undersigned whether there are any such stipulations the defense desires.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby

demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

>Date: Feb. 28 through March 6, 2000
>Place: Broward and Dade Counties, Florida

>>Respectfully submitted,

>>GUY A. LEWIS
>>UNITED STATES ATTORNEY

>>THERESA M.B. VAN VLIET
>>Senior Litigation Counsel
>>Florida Bar No. 374040
>>500 E. Broward Blvd.,
>>Suite 700
>>Fort Lauderdale, FL 33394
>>Tel: (954)356-7255, ext 3557
>>Fax: (954)356-7336

cc:   Special Agent Erik Miller
      FBI

4

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail ~~this — day of~~ , June 15, 2000 to: _____, Robert Berube., AFPD, John Adair, Esq. and David Tarlow, Esq.

THERESA M.B. VAN VLIET
Senior Litigation Counsel