UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

CASE NO. 00-6137-CR-DIMITROULEAS

Plaintiff,

vs.

JESUS JESSE VEGA,

Defendant.
_____/

**ORDER**

THIS CAUSE having been heard upon Defendant's July 26, 2000 Motion For New Trial [DE-100] and the Court having presided over the trial of this cause, denies the motion for the following reasons:

1. Co-Conspirator statements can be provisionally admitted into evidence subject to their later being tied up as relevant. U.S. v. Portela, 167 F. 3d 687, 702 (1st Cir. 1999).; U.S. v. Roach, 164 F. 3d 403, 409 (8th Cir. 1998); U.S. v. Gonzalez-Montoya, 161 F. 3d 643, 649 (10th cir. 1998).

2. To admit such co-conspirator statements, the Government must show that (1) a conspiracy existed; (2) the Declarant and Defendant were both members of the conspiracy and (3) the statements were made in the course and in furtherance of the conspiracy. Federal Rules of Evidence 801 (d)(2)(e); U.S. v. Johnson, 200 F,. 3d 529, 533 (7th Cir. 2000); U.S. Paredes-Rodriguez, 160 F. 3d 49, 56 (1st Cir. 1998).

3,. The Government produced sufficient evidence of a conspiracy and Vega's membership in it. Bourjaily v. U.S., 483 U.S. 171, 180 (1987); U.S. v. Haynie, 179 F. 3d 1048,



1051 (7TH Cir. 1999). There was independent evidence of the Defendant's involvement in the conspiracy. U.S. v. Portela, 167 F. 3d 687, 704 (1st Cir. 1999). Mrs. Herrera testified about conversations that occurred in her home while watching a movie, and a controlled phone call from Mr. Herrera confirmed the Defendant's involvement in the conspiracy.[1]

4. Perhaps, the Court should have made more explicit rulings on this issue during the trial. U.S. v. Roach, 164 F. 3d 403, 409 (8th Cir. 1998).

Wherefore, Defendant's Motion For New Trial is DENIED.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 26 day of July, 2000.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Michael Gottlieb, Esquire
1311 S.E. 2nd Avenue
Ft. Lauderdale, Fl 33316

Theresa Van Vliet, AUSA

---

[1] The controlled phone call was an admission of the Defendant. Mr. Herrera's part of the call was admitted not for the truth of the matter asserted but to put the call in context. It also qualified as a statement against penal interests.