UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,   CASE NUMBER: 00-6139-CR-DIMTROULEAS

Plaintiffs,

vs.   **OBJECTIONS TO PRESENTENCE INVESTIGATION**

JESUS JESSE VEGA

Defendant.
_____/



COMES NOW the Defendant, JESUS JESSE VEGA, by and through the undersigned counsel, pursuant to Federal Rules of Criminal Procedure and hereby files the following Objections to the Pre-Sentence Investigation.

1. The Defendant objects to Paragraph 16 and 24 which adjust upward the offense level for obstruction of justice under Section 3C1.1. According to the Presentence Investigative report, the Defendant is deserving of an upward departure because Teresa Van Vliet, the prosecutor indicated that the Defendant "testified falsely on material facts" and therefore obstructed justice.

However, the commentary to Section 3C1.1 at paragraph 2 indicates that the section is not intended to punish a defendant for the exercise of a constitutional right. "A defendant's denial of guilt (other than a denial of guilt under oath that constitutes perjury), refusal to admit guilt or provide information to a probation officer, or refusal to enter a plea of guilty is not a basis for application of this provision."

Clearly, the Defendant taking the witness stand in his own defense is a constitutional right. The fact that his testimony may have differed from that of other witnesses does not indicate that the



Defendant obstructed justice. His statements may have been the result of confusion, in his interpretation of a conversation, mistake or faulty memory. The fact that the government views these statements as materially false, does not subject the Defendant to an upward departure, as the statements can not be attributed as a wilful attempt to obstruct justice.

2. The Defendant objects to Paragraph 20 which calls for an upward departure for the possession of a dangerous weapon pursuant to Section 2B3.1(b)(2)(E). This section call for an increase for the possession of a firearm. "'Firearm' means (I) any weapon (including a starter gun) which will be designed to or may readily be converted to expel a projectile by the action of an explosive; (ii) the frame or receiver of any such weapon; . . . or (iv) any destructive device."

A destructive device does not seem to encompass either in inoperable firearm or a stun gun.

In the instant case, there were allegedly two weapons, that were possessed by co-defendants. The first being an inoperable firearm, which all parties knew to be inoperable. No party to this case had the ability to convert said weapon to expel a projectile. Nor did any party have the desire to do so. A stun gun was also carried by the co-defendants, and that weapon does not appear to fit the description of a firearm, in that it cannot be used to discharge a projectile. This weapon does not qualify as a dangerous weapon under Section 1B1.1, in that the weapon does not inflict death or serious bodily injury.

Therefore, an upward departure for possession of a dangerous weapon is unwarranted.

3. The Defendant objects to Paragraph 21 which calls for an upward departure under Section 2B3.1(b)(7)(D) where the loss exceeds a certain amount. The specific language of this section indicates that "If the loss exceeded $10,000 increase the offense level as follows: . . .

    (D) more that $250,000   add 3

  As this offense is an attempt, there was no actual loss and therefore no additional points should be added to the Defendant's offense level computation.

4. The Defendant objects 19, which scores the offense at level 20 under Section 2B3.1(a). Although 20 is the correct level, the computation does not take into account the fact that this offense was an inchoate offense. In fact the testimony adduced at trial, was that the Defendant had called off the robbery as he was going to be the person doing the run. There was no evidence that the Defendant had agreed to continue with the robbery after he had asked for it not to be completed. Additionally, the co-defendants were arrested prior to their reaching the scene of the robbery. As such, the Defendant is deserving of a decrease by three (3) levels because all of the acts necessary for the commission of the completed offense had not been accomplished. See Section 2X1.1(b)(2).

  I HEREBY CERTIFY that a true copy of the foregoing has been delivered, by hand, to the Office of the United States Attorney, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301, and to Gregory R. Jenkins, U.S. Probation Officer, Room 315, U.S. Courthouse, 300 N.E. First Avenue, Miami, Florida 33132-2126 on this __7__ day of September, 2000.

                    MICHAEL A. GOTTLIEB, ESQUIRE
                    1311 S. E. 2ND AVENUE
                    FORT LAUDERDALE, FLORIDA 33316
                    (954) 462-1005
                    Florida Bar #981133